IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLTEL CORPORATION d/b/a VERIZON WIRELESS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: |
| CITY OF JACKSON, MISSISSIPPI; CITY COUNCIL FOR THE CITY OF JACKSON, MISSISSIPPI; ASHBY FOOTE; MELVIN PRIESTER, JR.; KENNETH I. STOKES; DE'KEITHER STAMPS; CHARLES H. TILLMAN; AARON BANKS and VIRGI LINDSAY in their official capacities as members of the City Council for the City of Jackson, Mississippi, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 3:19cv740-TSL-RHW |
| Defendants. | ) | |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 16 2019
ARTHUR JOHNSTON
BY _____ DEPUTY

COMPLAINT FOR EQUITABLE RELIEF, DECLARATORY JUDGMENT, AND REQUEST FOR EXPEDITED REVIEW

Plaintiff Alltel Corporation d/b/a Verizon Wireless, the successor-by-merger to Jackson Cellular Telephone Co., Inc. ("Verizon Wireless"), files this complaint for Equitable Relief, Declaratory Judgment, and Request for Expedited Review against the City of Jackson, Mississippi (the "City"), the City Council for the City (the "Council"), and Ashby Foote ("Foote"), Melvin Priester, Jr. ("Priester"), Kenneth I. Stokes ("Stokes"), De'Keither Stamps ("Stamps"), Charles Tillman

("Tillman"), Aaron Banks ("Banks"), and Virgi Lindsay ("Lindsay" and together with Foote, Priester, Stokes, Stamps, Tillman, and Banks, the "Members of the Council"), in their official capacities as members of the Council, and states as follows:

## I.    INTRODUCTION.

1.    This action arises out of the unlawful denial of Verizon Wireless' application to construct a wireless telecommunications facility on real property located in the City of Jackson, Mississippi.

2.    Verizon Wireless seeks to deliver the latest available wireless telecommunications technology to its customers.  As part of this effort, Verizon Wireless seeks to identify and fill significant gaps in wireless coverage and capacity.  To fill gaps in coverage and capacity, and meet growing demand, Verizon Wireless must expand its network by constructing an infrastructure designed and developed by Verizon Wireless' engineering staff and outside professionals.

3.    Verizon Wireless' network infrastructure is made up of multiple wireless service facilities.  Each of Verizon Wireless' facilities can only serve limited areas because of, *inter alia*, geography and radio frequency bands.  Verizon Wireless' facilities must be located in the areas where service is needed and within proximity of other Verizon Wireless facilities to provide its customers with

2

adequate signal strength, services, and a useable wireless telecommunications network.

4.      Verizon Wireless brings this action to require the City to permit the building of a new wireless telecommunication tower that will fill a significant gap in cellular phone coverage and capacity in the City of Jackson, Mississippi.

5.      The City's denial of Verizon Wireless' application is not supported by substantial evidence contained in a written record, discriminates among wireless providers, and effectively prohibits the provision of personal wireless service in the vicinity of the proposed facility.

6.      Accordingly, the City's denial of Verizon Wireless' application violates the Communications Act of 1934, as amended by the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), (the "TCA"), and Verizon Wireless is entitled to an order directing the City to grant Verizon Wireless' application for the proposed facility.

7.      Verizon Wireless requests expedited treatment of this Complaint pursuant to 47 U.S.C. § 332(c)(7)(B)(v).

## II.      THE PARTIES.

8.      Alltel Corporation doing business as Verizon Wireless, the successor-by-merger to Jackson Cellular Telephone Co., Inc., is a Delaware corporation

3

registered in the State of Mississippi and having its principal address in Basking Ridge, New Jersey.

9.     The City of Jackson is a political subdivision established under the laws of the State of Mississippi and is subject to the jurisdiction of this Court.

10.    The City Council governs the City of Jackson and is subject to the jurisdiction of this Court.

11.    Defendants Foote, Priester, Stokes, Stamps, Tillman, Banks, and Lindsay are the duly elected Members of the Council, residents of Jackson County, Mississippi, and are subject to the jurisdiction of this Court.

### III.    JURISDICTION AND VENUE.

12.    This Court has jurisdiction over this matter pursuant to: 28 U.S.C. § 1331 (federal question), the TCA, 47 U.S.C. § 332(c)(7)(B)(v), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13.    Venue is proper in this Court pursuant to 47 U.S.C. § 332(c)(7)(B)(v) and 28 U.S.C. § 1391(b)(2) because Defendants reside in this judicial district, the proposed wireless communications facility would be located in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## IV.   **LEGAL BACKGROUND.**

14.   The TCA governs federal, state and local government regulation of the siting of personal wireless service facilities such as the one at issue in this case. 47 U.S.C. § 332(c)(7)(B).

15.   The purpose of the TCA is to "make available, so far as possible, to all the people of the United States . . . a rapid, efficient, Nation-wide, and world-wide wire and radio communications service with adequate facilities at reasonable charges, for the purpose of the national defense, for the purpose of promoting safety of life and property through the use of wire and radio communications . . . ." 47 U.S.C. § 151.

16.   The TCA reduces barriers local governments impose to defeat or delay the installation of wireless communications facilities and protects against irrational or baseless decisions by local authorities.   *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte Cnty.*, 546 F.3d 1299, 1306 (10th Cir. 2008) (quoting *Sw. Bell Mobile Sys., Inc. v. Todd*, 244 F.3d 51, 57 (1st Cir. 2001) (abrogated on other grounds by *T-Mobile S., LLC v. City of Roswell, Georgia*, 574 U.S. 293 (2015)).

17.   In enacting the TCA, Congress considered the potential conflict between state and local governmental regulation of the placement and aesthetic effects of wireless telecommunications facilities and the national need for rapid

5

deployment of economical and effective wireless services. The TCA imposes significant restraints on local governmental actions that might limit the provision of wireless telecommunications services, while preserving state and local governmental authority over decisions regarding the "placement, construction, and modification of wireless facilities." 47 U.S.C. § 332(c)(7)(A).

18.    The TCA specifically prohibits state and local governing entities from discriminating among wireless providers and from taking actions that effectively prohibit wireless providers from providing service. 47 U.S.C. § 332(c)(7)(B)(i).

19.    The TCA states, in pertinent part, that state and local government regulation of personal wireless service facilities:

(I)    shall not unreasonably discriminate among providers of functionally equivalent services; and

(II)   shall not prohibit or have the effect of prohibiting the provision of personal wireless services.

47 U.S.C. § 332(c)(7)(B)(i)(I-II).

20.    The TCA requires that state and local governing bodies put a denial of a request for a wireless services facility in writing and that the denial be supported by substantial evidence in a written record.

21.    The relevant language provides:

(iii)  Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities **shall be in writing and supported by substantial evidence contained in a written record.**

6

47 U.S.C. § 332(c)(7)(B)(iii) (emphasis added).

22.     The TCA provides that "[a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with [the TCA] may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction." 47 U.S.C. § 332(c)(7)(B)(v).

23.     Appeals under Section 332(c)(7)(B)(v) are to be heard and adjudicated on an expedited basis. *BellSouth Mobility Inc. v. Gwinnett County*, 944 F. Supp. 923, 929 (N.D. Ga. 1996) (courts shall act expeditiously in deciding appeals brought under section 332(c)(7)(B)(v)).

24.     An injunction ordering issuance of a permit is an appropriate remedy for violation of the TCA. *Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1222 (11th Cir. 2002).

## V.     FACTS.

### A.     Background.

25.     Verizon Wireless provides commercial mobile radio services, personal and advanced wireless services, and other telecommunications services, as those terms are defined under federal law, in the State of Mississippi, including the City.

7

26.    To advance the national policies of the TCA established by 47 U.S.C. § 151 and the Federal Communications Commission, Verizon Wireless constructs towers and other wireless facilities to create and maintain a network of sites which consists of antennas and communications equipment designed to send and receive radio signals.

27.    Verizon Wireless uses radio frequency ("RF") engineers to determine where a new wireless facility is required. Verizon Wireless uses sophisticated proprietary techniques to conduct propagation studies to identify where sites need to be located. To provide reliable service, radio signal coverage from sites must overlap. Verizon Wireless is not able to provide reliable service to consumers if it is unable to construct sites to effect this overlapping coverage.

28.    Verizon Wireless determined that it has a significant gap in its ability to provide reliable service in the heavily populated and trafficked southern portion of the City. Verizon Wireless further determined that there was a need to increase capacity to allow existing sites in the area to operate more reliably and efficiently. In order to improve the wireless telecommunications network in and around the City, Verizon Wireless sought to develop a new wireless telecommunications tower site to complement the existing wireless network.

29.    An appropriate candidate would have to fill the gap in service, comply with the zoning requirements, be leasable, and be buildable.  A property that does not meet each of those requirements is not a viable candidate.

30.    After a thorough investigation of the surrounding area, Verizon Wireless determined there were no existing communications towers or structures close enough to the targeted area that could accommodate collocation and remedy Verizon Wireless' significant gap in service.

31.    Verizon Wireless identified the property located at 196 Lakeshore Road, Jackson, Mississippi 39226 (the "Elton Site") as the only viable site to locate the proposed telecommunications tower.

32.    Verizon Wireless proposed to develop a 150' monopole, with a 10' lightning rod, wireless telecommunications facility on the Elton Site.  The height was determined to be the minimum needed to address the coverage and capacity issues in the area of the Elton Site.

33.    The Elton Site is located at the rear of a 1.1-acre tract of land in a "C-3" (General Commercial) zoning district (the "Property").

34.    The parcels surrounding the Property are also located in the C-3 zoning district and two of the parcels are vacant.

35.    The Elton Site's location offers some natural screening buffers as parcels located west and south of the Elton Site are heavily wooded.

9

36.     Wireless telecommunications facilities are allowed in a C-3 zoning district following the issuance of a Use Permit by the City.   Official Zoning Ordinance of the City of Jackson, Mississippi (the "Ordinance") at § 702.05.1(a)(13).

37.     The Elton Site is critical for Verizon Wireless to develop a seamless wireless telecommunications network and to fill a significant gap in coverage and capacity in the area.

**B.     The Application.**

38.     On July 8, 2019, Verizon Wireless filed an Application for Zoning Action seeking a Use Permit to develop a new wireless telecommunication facility on the Elton Site (the "Application"). A copy of the Application is attached as **Exhibit A**.

39.     All required and necessary supporting documents were included with the Application in compliance with City's Ordinance and evidencing the need for the Elton Site to provide wireless telecommunications coverage and capacity in the City.  A copy of the Application's supporting documents are part of Exhibit A.

40.     The Application complied with all the applicable general and specific procedures, requirements, and standards required by the Ordinance.

41.     Verizon Wireless was never provided with notice that the Application was incomplete, deficient, or otherwise failed to meet the requirements of the Ordinance.

C.     **Zoning Administrator's Report to the City of Jackson Planning Board**

42.     On August 12, 2019, the City's Zoning Administrator prepared a report (the "Staff Report") on the Application to be provided to the City of Jackson's Planning Board in anticipation of public hearings on the Application.  A copy of the Staff Report is attached as **Exhibit B**.

43.     The Staff Report identified the statutory grounds for considering a Use Permit application as follows:

a.  The proposed use is compatible with the character of development in the vicinity relative to density, bulk and intensity of structures, parking, and other uses;

b.  The proposed use will not be detrimental to the continued use, value, or development of properties in the vicinity;

c.  The proposed use will not adversely affect vehicular or pedestrian traffic in the vicinity;

d.  The proposed use can be accommodated by existing or proposed public services and facilities including, but not limited to, water, sanitary sewer, streets, drainage, police and fire protection, and schools;

e.  The proposed use is in harmony with the Comprehensive Plan;

f.  The proposed use will not be hazardous, detrimental, or disturbing to present surrounding land uses due to noises, glare, smoke, dust,

11

odor, fumes, water pollution, vibration, electrical interference, or
other nuisances.

Ordinance 1701.02-A (1) – (6).

44.     The City's zoning staff found that the Application met all of the
requirements of the Ordinance and recommended approval of the Application and
granting the Use Permit to Verizon Wireless "for the construction of the 150'
commercial communication tower to include an enclosed companion compound on
the" Elton Site.  Staff Report at p. 6.

45.     The City's zoning staff found that development of the Elton Site as
proposed in the Application would not be "detrimental to the continued use, value,
or development of properties in the vicinity," and would not adversely affect
vehicular or pedestrian traffic in the vicinity of the Elton Site.  *Id.*

**D.     Planning Board Hearing.**

46.     On August 28, 2019, the City's Planning Board held a hearing on the
Application.   The Planning Board voted 6 to 3 to recommend approval of the
Application for Use Permit to allow the development of the Elton Site.

47.     The Planning Board recommended approval based on the following:

1.      the proposed use not being detrimental to the continued use,
value, or development of properties in the vicinity;

2.      the proposed use not adversely affecting vehicular or pedestrian
traffic in the vicinity; and

12

3.      the proposed use being able to be accommodated by existing or proposed public services and facilities including, but not limited to, water, sanitary sewer, streets, drainage, police and fire protection, and schools.

48.     A copy of the minutes of the Planning Board hearing is attached as **Exhibit C**.

49.     A copy of the official notice of the Planning Board's recommendation is attached as **Exhibit D**.

**D.      City Council Hearing.**

50.     The City set a public hearing on the Application with the City Council for September 16, 2019.

51.     At the public hearing, Verizon Wireless provided evidence that the Elton Site was the only site in the propagation area that could provide both the desired coverage and capacity and meet the City's siting requirements.

52.     Verizon Wireless demonstrated through substantial evidence that there were no towers or other suitable structures in the area on which Verizon Wireless could collocate.  Specifically, an existing tower located on City owned property was too far west to provide adequate coverage or relieve the capacity issues in the area of the Elton Site and it also was very close to an existing Verizon Wireless telecommunications site.

13

53.     Verizon Wireless also presented substantial evidence showing how the Elton Site would fit into the existing network of Verizon Wireless telecommunications sites in the area.

54.     Verizon Wireless presented evidence that it had evaluated other sites in the area and that the Elton Site was the only site available that would provide the coverage needed to develop the network and close a significant gap in coverage and capacity.

55.     Verizon Wireless presented evidence that, despite equipment on tower sites around the coverage area, a gap exists, and the Elton Site was needed to close the gap in the wireless telecommunications network.  Further, the Elton Site was needed to relieve capacity congestion on the existing telecommunications sites.

56.     Verizon Wireless offered evidence that the proposed tower would be safe, and the proposed tower met all of the requirements of the Ordinance.

57.     Verizon Wireless addressed all of the grounds for considering a Use Permit application under the Ordinance.   *See e.g.* the Application; Ordinance 1701.02-A (1) – (6).

58.     Verizon Wireless' substantial evidence supported granting the Use Permit.

59.     No evidence was presented in opposition to the Application or to Verizon Wireless' presentation.

14

60.   Instead, a single local resident, a former City employee, expressed unsupported opposition.   Specifically, the resident gave subjective and unsubstantiated opinions about RF emissions, allegedly negative impacts on the landscape, and potentially negative impacts on property values.  The resident did not introduce any evidence at the Council hearing.

61.   The City is not permitted to regulate the placement of any telecommunications site on the basis of environmental effects of radio frequency emissions.  47 U.S.C. § 332(c)(7)(B)(iv).

62.   None of the public comments made by the single resident or comments from Members of the Council were supported by any evidence.

63.   Following the public hearing on the Application, the City Council moved to deny the Application.

64.   The City Council voted 3 to 1 to deny the Application.

65.   The Members of the City Council did not state any substantive basis for denying the Application, although one member stated that he opposed the Application based on the voices of the citizens.

66.   In denying the Application, the City Council did not rely on any evidence.

67.     On September 17, 2019, the City issued a letter to Verizon Wireless stating that the Application was denied.  A copy of the City's letter is attached as **Exhibit E.**

68.     Defendants' written denial is inaccurate and not supported by any evidence.

69.     Defendants have failed to provide Verizon Wireless with substantial evidence supporting the denial of the Application in a written record.

70.     Defendants' failure to provide Verizon Wireless with substantial evidence supporting the denial in a written record is in violation of the TCA.

71.     The injury to Verizon Wireless, by the unsupported and unsubstantiated denial of the Application, is continuing and irreparable.

72.     The denial of the Application cannot be quantified or remedied with monetary damages.

73.     The public interest, supported by the policies embodied in the TCA, warrants a declaration and equitable relief compelling Defendants to approve the Application.

74.     A present and actual controversy exists between Verizon Wireless and Defendants regarding denial of the Application in violation of the TCA.

75.     Verizon Wireless has been and continues to be adversely effected by denial of the Application.

16

76.    Verizon Wireless has exhausted all of its administrative remedies.

77.    An injunction ordering issuance of a permit is an appropriate remedy for violation of the TCA.

**COUNT ONE**
**Failure to Comply with the**
<u>**Supported by Substantial Evidence Requirement**</u>

78.    Verizon Wireless incorporates by reference the allegations set forth in Paragraphs 1-77 above as if set forth fully herein.

79.    The TCA states in pertinent part:

(iii)    Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and **supported by substantial evidence** contained in a written record.

47 U.S.C. § 332(c)(7)(B)(iii) (emphasis added).

80.    Verizon Wireless presented substantial evidence in support of the Application.

81.    The Application complied with every aspect of the Ordinance.

82.    Verizon Wireless addressed all of the grounds for considering a Use Permit application under the Ordinance.

83.    Defendants never informed Verizon Wireless that the Application was incomplete or otherwise failed to satisfy the Ordinance.

84.    Defendants relied on unsubstantiated public comments to deny the Application.

17

85.     Defendants have failed to evidence any reason for denial, much less substantial evidence, that the denial is authorized by the Ordinance.

86.     Mere generalized concerns are not sufficient and are not substantial evidence justifying denial of the Application.

87.     Defendants impermissibly relied on environmental effects of radio frequency emissions in violation of the TCA to deny the Application.

88.     Defendants' denial of the Application fails to meet the "supported by substantial evidence contained in a written record" requirement of the TCA because there is no evidence, much less substantial evidence, supporting denial of the Application.

WHEREFORE, Verizon Wireless prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA, and order Defendants to approve the Application and issue all approvals necessary to allow construction of the proposed wireless telecommunications facility.    Verizon Wireless further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

## COUNT TWO
### Unreasonable Discrimination Among Providers of Functionally Equivalent Services

89.     Verizon Wireless incorporates by reference the allegations set forth in Paragraphs 1-88 above as if set forth fully herein.

18

90.     The TCA specifically provides, in pertinent part, that state and local government regulation of personal wireless service facilities:

(I)     shall not unreasonably discriminate among providers of functionally equivalent services . . . .

47 U.S.C. § 332(c)(7)(B)(i)(I).

91.     Verizon Wireless met the requirements of the Ordinance concerning telecommunications towers.

92.     Verizon Wireless offered evidence that the Elton Site was necessary to offer wireless telecommunications service in the area that it would not otherwise be able to offer without approval of the Application.

93.     Verizon Wireless complied with all of the requirements necessary for approval of the Application.

94.     Verizon Wireless demonstrated that only the Elton Site would meet the coverage and capacity requirements needed in the area.

95.     The Application was based upon sound engineering principles, user operational requirements, and marketplace demands.

96.     Denial of the Application failed to reduce the regulatory burden in violation of the TCA.

97.     Defendants have previously approved facilities of functionally equivalent service providers in the City.

98.   The intentional actions of the City Council in denying the Application unreasonably discriminated against Verizon Wireless with respect to other wireless telecommunications service providers who provide functionally equivalent services, and has the effect of prohibiting the provision of wireless services in the area near the Elton Site in violation of the TCA.

WHEREFORE, Verizon Wireless prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA, and enter an order granting the Application and all approvals necessary to allow construction of the proposed wireless telecommunications facility on the Elton Site.   Verizon Wireless further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

## COUNT THREE
### Unlawful Prohibition of the
### <u>Provision of Personal Wireless Services</u>

99.   Verizon Wireless incorporates by reference the allegations set forth in Paragraphs 1–98 above as if set forth fully herein.

100.   The TCA specifically provides, in pertinent part, that state and local government regulation of personal wireless service facilities:

(II)   **shall not prohibit or have the effect of prohibiting** the provision of personal wireless services.

47 U.S.C. § 332(c)(7)(B)(i)(II) (emphasis added).

20

101.   The Application meets the requirements of the Ordinance concerning telecommunications towers.

102.   Verizon Wireless complied with all of the requirements necessary for approval of the Application.

103.   Verizon Wireless provided substantial evidence of a significant gap in coverage and capacity and evidenced a lack of reasonable alternative locations for the proposed wireless telecommunications facility.

104.   Verizon Wireless provided evidence in the Application and at the City Council hearing that only the Elton Site would meet Verizon Wireless' coverage and capacity requirements.

105.   The Application was based upon sound engineering principles, user operational requirements, and marketplace demands.

106.   Denial of the Application failed to reduce the regulatory burden upon Verizon Wireless in violation of the TCA.

107.   Defendants materially inhibited Verizon Wireless' ability to fill a gap in coverage, strengthen its wireless network, improve capacity, or otherwise improve service capabilities.

108.   Defendants restricted new services and/or the improvement of existing services.

109.   No objective evidence was provided in opposition to the Application.

21

110. Denial of the Application prevents Verizon Wireless from constructing a wireless communications tower on the Elton Site.

111. Denial of the Application has the effect of prohibiting the provision of wireless services in the area of the Elton Site in violation of the TCA.

WHEREFORE, Verizon Wireless prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA, and enter an order granting the Application and all approvals necessary to allow construction of the proposed wireless telecommunications facility on the Elton Site.  Verizon Wireless further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

_____

D. Sterling Kidd (MS Bar No. 103670)
*Attorney for Alltel Corporation d/b/a*
*Verizon Wireless*

D. Sterling Kidd (MS Bar No. 103670)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone (601) 351-2400
skidd@bakerdonelson.com

22